

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 13, 2019

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Alan Arias, 18 Cr. 902 (GHW)**

Dear Judge Woods:

      The defendant in the above-captioned case is scheduled to be sentenced on June 20, 2019 at 3:00 p.m. The Government respectfully submits this letter in connection with sentencing and in response to the defendant's submission, dated June 5, 2019 ("Def. Mem."). The United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range, as correctly calculated by the Probation Office and agreed by the defendant, is 60 months' imprisonment (the "Guidelines Range"). The Government submits that a sentence at the Guidelines Range is appropriate in this case.

**I.    Offense Conduct**

      Alan Arias, the defendant, was a drug dealer in the Bronx who sold gram-sized quantities of crack. The Drug Enforcement Administration ("DEA") and New York City Police Department ("NYPD") conducted an undercover operation between April and July, 2018, that focused on the defendant and two of his co-conspirators, Walther Castillo and Rudy Delgado.

      On July 26, 2018, an undercover officer contacted Castillo and arranged to meet him to purchase crack. Castillo came to the undercover's vehicle and then called his source of supply. A few minutes later, the defendant pulled up in his car. The undercover and Castillo then followed Arias to another location, where they parked. Arias entered the back seat of the undercover's car and handed him two plastic bags that he said contained crack. The undercover pulled out a scale and weighed the two bags in front of Arias to confirm it was the agreed-upon amount. In this single sale, Arias sold over 75 grams of crack.

**II.    Procedural History**

      The defendant and his co-defendants were charged by complaint on October 26, 2018. While his co-defendants were arrested shortly after the complaint was filed, Arias remained at large. On December 19, 2018, all three defendants were indicted in one count of conspiring to

distributed and possess with intent to distribute 280 grams and more of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Arias was arrested on December 21, 2018.

On January 31, 2019, the defendant pled guilty, pursuant to a plea agreement, to the lesser-included offense of conspiring to distribute and possess with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846. In the plea agreement, the Government calculated a Guidelines Range of 60 months' imprisonment. Pursuant to U.S.S.G. § 2D1.1(a)(5) and 2D1.1(c)(8), because the offense involved a quantity of crack that was at least 28 grams but less than 112 grams, the base offense level is 24.[1] Assuming a three-point reduction because of the defendant's timely acceptance of responsibility, the resulting total offense level is 21. The plea agreement calculated a criminal history category of II, resulting in a range of 41 to 51 months' imprisonment. Because there is a statutory mandatory minimum term of imprisonment of 60 months, the Guidelines Range is 60 months' imprisonment. Probation and the defendant agree with this calculation.

Probation is recommending a Guidelines sentence of 60 months' imprisonment. The defendant has requested the same. The Government agrees that a Guidelines sentence is appropriate, for the reasons set forth below.

**III. Discussion**

   **A. Applicable Law**

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 596. After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* & n.6. Those factors make a Guidelines sentence appropriate in this case.

   **B. A Guidelines Sentence Is Appropriate In This Case**

The 18 U.S.C. § 3553(a) factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant and others who are similarly situated, and to promote respect for the law. 18 U.S.C.

---

[1] The stipulated drug weight was based on the total amount of crack that Arias sold to the undercover officers, and did not include the drugs that his co-conspirators sold.

§ 3553(a)(2)(A)-(C). These considerations weigh in favor of a sentence within the Guidelines Range.

*First*, a sentence within the Guidelines Range would appropriately reflect the nature and seriousness of the defendant's conduct. The defendant was selling serious quantities of very dangerous drugs. The weights that the defendant was distributing—75 grams of crack in a single sale—are not consistent with personal use and show that the defendant was higher up in the distribution chain than a street-level dealer who sells directly to users. The defendant disregarded the damages that these deadly drugs were imposing on his community and instead decided that his own financial gain was more important than the lives of his neighbors. This is serious conduct by any measure, and it must be met by a significant sentence.

*Second*, a sentence within the Guidelines Range is necessary to promote respect for the law and to deter this defendant and others who are similarly situated from participating in drug trafficking. The defendant is relatively young but already has three prior convictions. That includes a 2014 mail theft conviction in this Court, in which Judge Schofield showed the defendant leniency by initially sentencing him to probation with no jail time. In just a few months, the defendant violated his probation by cutting off his ankle bracelet and leaving his house. Judge Schofield then sentenced him to 11 months and five days' imprisonment for violating his probation, but even that did not deter the defendant, because he continued to violate the terms of his supervised release once he was released. Instead of using the courts' leniency to become a productive and law-abiding sentence, the defendant chose to double-down on his criminal conduct and sell drugs. A substantial period of incarceration is necessary to send the message to both the defendant and others similarly situated that significant consequences await if and when they are caught dealing drugs.

In sum, a sentence within the Guidelines Range would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

## IV.  Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant at the Guidelines Range of 60 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:  ___/s/_____
Adam S. Hobson
Assistant United States Attorney
(212) 637-2484

cc: Eric Franz, Esq. (via ECF)